Good morning ladies and gentlemen, nice to see you here. I'm Seth, we're hearing on Bob King, the case of Godoy v. Spearman. And as you can see, we have Judge Gould, Daniel from Seattle. How are you, Judge Gould? I'm fine, thank you. How are you, Daniel? I don't know whether you see that on this. Yes, I do. Here too. Have a seat. May it please the court, my name is Stephanie Adraptus, and I represent the petitioner Enrique Godoy. I'd like to reserve five minutes of your time. Mr. Godoy was convicted of murder by a jury that secretly sought and received advice from a government agent, a judge who was a friend of one of the jurors. State court of appeal held that the text messages between the judge and the trial jurors were misconduct, and state court decision was not disputed in this appeal. In United States v. Maddox, the United States Supreme Court held that communications possibly prejudicial between jurors and third persons, witnesses or an officer in charge, are absolutely forbidden, and they invalidate the verdict at least until their harmlessness is made to appear. Under any circuit, interpretation of the Maddox and Breyer v. Brown court in this case was required to conduct an adequate inquiry to detrust the extent and the prejudicial effect of the jury misconduct that occurred in this case. It was objectively unreasonable for the state courts to conclude that no further inquiry was required on these facts. There are two clearly established rules of substance used in either one of which should have compelled the case for misbelief in this case. First, the Supreme Court decisions in Maddox, Breyer, and Smith require the trial judge to conduct an adequate inquiry into the extent of jury misconduct. Second, Breyer and Maddox require the trial court to presume a prejudice where there is jury misconduct that is even possibly prejudicial. Okay. Let's assume you're correct. What are we accusing the court? We are asking for a remand to the district court for an evidentiary hearing and so forth in the dissenting opinion. In the alternative, the court could determine that it's similar to Turner and the communications in this case were so prejudicial that they could not do that. I guess I was interested in the second part. I understand the first part. Can we make that determination on the basis of all that we really haven't thought of because the state court did not consider the declaration of the first witness, if you will, on the basis of that? Although, can we determine that there's no way in the evidence that so it's anything but prejudicial? There are two factors that would be in favor of a finding of a terrible prejudice. One is that the individual who obtained to the jury, the third party, was a judge. And so the interior court discusses the notion that a court official like the one in that case is more communications with a person like that are more prejudicial. In that case, it was an official in the very court in which the defendant was being tried. Yes. And the second factor that would weigh in favor of that is that the juror and now our alternative juror and now the declaration states that it was good to use communication and the timing of the misconduct is an important factor as well because whether it was good or bad. I actually want to kind of gesture with this assumption that we're only looking at the record that was before the trial. The cases where you courted the Beatles and the Tragic Deal, I don't actually know why. I mean, what we're looking at is the record. There was a deal and there was a habeas and there was an orbitural and a habeas record. And those were both the exhaustion of the same issue. So why don't we look at the whole record? Your Honor, I think Your Honor is correct that the whole record is before the court because it was before the California Supreme Court when it issued the final decision, although this is somewhat complicated because we are looking through that decision. So I guess why write that either actually? In a sense that maybe we're looking to it for some clue as to what was in the Supreme Court mind in terms of what analysis the Court of Appeals used. But when narrowly you look through it, the reason you look through a doctrine is we're trying to find out in the same case what was being affirmed. But it's not the same case. It's a different case. The Tragic Deal, there's the habeas. So when the California Supreme Court denied the habeas, it was looking at whatever was before the habeas court. So it seems to me we have both. And we have the California Court of Appeals opinion as to what internal structure they were. So I never understood that as an insurance case. I gather you're not down as you mentioned earlier. Well, the argument that was made in the opening brief was that it was objectively unreasonable to determine the facts of the case separately under 2254-D2 because all counsel who filed both the habeas and the Tragic Deal. Well, I don't think you can do that because we're just looking at the habeas in total to what court it may be. And the court was right or wrong about that. We have both cases before us. So what? Well, we do because the California Supreme Court had to have considered both declarations. And the majority opinion in this case did state that it was finding that the California Court considered both declarations. Let me ask you a question which might get two judges on this question. Do you fault the prior panel for reviewing only the Court of Appeal decision on the direct appeal? Yes and no. The Court of Appeal, the prior panel considered only Hanan Health's declaration. And as Judge Berzon has pointed out, it could have been. I don't understand what Judge Berzon is pointing out. The prior panel had to determine what was going to be the last recent decision and, therefore, come up with some way to make a decision on the last recent decision. And they said, based on what little was said on the habeas and based on what was done otherwise, they were going to consider the Court of Appeal decision on the direct appeal as the last decision. Do you fault that? I do not fault that analysis. But that is a reasoned decision. Do you want that to be the last reasoned decision? Because it is not. Don't we have to speculate about reasons not expressed by the Court of Appeals? Why the California Supreme Court might have heard you down? Yes, Your Honor. That would put us in the hearing. I know. You lied to the Court of Appeals making the last reasoned decision. It gives us a basis for analyzing the State Court's reasoning without having to resort to any possible reason that could support the Court's decision. Let me go on further with you. Supposing that I agree with you that there needed to be a hearing. California Court says there was no hearing, so I've had this. That factual finding is entitled to a presumption of correctness. And so the fact, I mean, it's of some bother to me that what happened was counsel for your client requested a 40-day continuance. One week later, he filed a motion to continue the trial. In a subsequent response, he says he's going to present a live testimony. The prosecutor asked for discovery on June the 12th. They didn't have any of this. Nobody knew who the witnesses were. E.M. was present. The prosecutor said, I need some discovery. Finally, the defendant sends the prosecutor an affidavit to sit down. Then he comes up with a motion to continue the hearing at the last minute. And he never argues about the, if you will, the issues of this case. In the June 29th hearing, he only argues about, I need more time because I'm not prepared. Seems a little harsh on a use of discretion review of the trial court on having the appropriate hearing to say that the defendant can make all of this, and yet there is no hearing upon which we can make this decision. There was no adequate inquiry. Well, that's explained. There was. In fact, E.M. was present. There was an affidavit of NLCM. The state had a chance to file supplemental briefs. The government never spoke to the issue at the end. Neither got up and said, Judge, let's hear this hearing. Nothing was done. Why didn't the defense do all that he had to do? Then he had to construe the affidavits, upon which I would have to give him some discretion. Well, the affidavit of E.M. was not before the trial. I understand that. So, the only one was the declaration of NL. That doesn't make any difference. I'm still on my question. Why is that not adequate when it was defense counsel who did not allow for more of a hearing? It wasn't the prosecutor. It wasn't the judge. Well, defense counsel was asking for a continuance in order to present a testimony, and Smith puts the responsibility firmly on the trial judge. This is not answering my question here. The trial judge was trying to have the hearing you say he should have had, and defense counsel was the reason he didn't have the hearing. More of a hearing. If there was no hearing, then no hearing. I mean, my worry is that what we're saying here, if we come down and say we needed a hearing, we're saying defense counsel can string out forever. What if you have that hearing and the judge can't do anything about it? Well, the trial judge put a short circuit at the issue here because the trial court has better access to the jurors than it does defense counsel. Nobody says that the trial judge ought to go interview the jurors. Nobody says anything about that. In fact, if I take your case, the only time you make Supreme Court precedent is if he has a hearing and then determines the circumstances, the impact, and whether or not it's prejudicial with all interested parties permitted to participate. So, again, I'm looking at the law. You want me to say is Supreme Court precedent. I'm looking what this judge did to try to get there, and I'm saying you now want me to say he abused his discretion because the defense counsel would never come to the party. Well, Your Honor, in this instance, because of the circumstances of defense counsel being sent out to trial on a murder case, there was good cause for him to ask the question. Does it matter? Does it matter? We're reviewing the legislation decision, at least in my view, which is the court of appeal decision. The court of appeal didn't say you lose because the defense counsel wasn't ready. The court of appeal said the presumption was rebutted. It was rebutted, I'm sorry. So if the court of appeal had held that this was procedurally defaulted because the defense counsel wasn't ready, maybe we do it for different circumstances, but that's not what the court of appeal had to question. Well, there really hasn't been your argument. I appreciate that. I'm sure a judge likes to restate this argument now. But I would further help you with the arguments you made, and I guess I'm trying to figure out if I go so far as to say that one, if I stand hearing that grammar is so straight on that we need a hearing in this particular circumstance, then I've got a judge who's trying to have the hearing soon, and he can't get any cooperation. So is your best argument that the court of appeals made their decision on the wrong basis? Our best argument is they made their decision without holding the trial judge to his duty to conduct an adequate inquiry, one that would answer the questions raised or the information raised. And also, the assumption in terms of this question is that the trial judge would have allowed a hearing on that, was it July 29th, December 29th? December 29th. But that wasn't at all clear. I mean, in other words, he didn't allow them to put on a witness to present a courtroom. On the previous case, there's a little bit of a saying that you can't have an affidavit, and there was major justification for that notion, because one thing, it was the judge who was hearing it, so if there was a problem with what she said, he just wasn't going to move on, and he was ready at an earlier point in the judgment hearing. And then at this point, did he, as far as I can tell, also say he was going to be having a hearing, but whether to have a hearing, he wasn't having a hearing. Is that right? That's correct, Your Honor. And there was another comment by the trial court at the earlier, the June 12th hearing where he was present and ready to testify, and that was he said to defense counsel, you can't move her on to impeach the verdict, and the court seemed to be confused regarding the scope of the permissible post-trial jury testimony. That sounds pretty good, but if it isn't, then what happened is it was present and ready to testify, but the prosecutor said, let's not have the hearing now. Give me a chance to discover this stuff before we have a hearing. So it was the prosecutor who was putting off the hearing, not the judge, and the judge had not decided whether to hold the hearing yet, but that it was the prosecutor who was now putting off the hearing. Correct? That's correct. But all of those things happened. There was a signal from the trial court that he believed that the jury's testimony could impeach the verdict and wouldn't be allowed when, in fact, it is permissible for a juror to testify without an extraneous influence on the jury process. He did not bar her for that reason. He said that during the hearing, and he did continue the case where the prosecutor re-interviewed her, and which he did, but ultimately, he did not allow her to be interviewed. At that point, the prosecutor wanted to interview the juror, probably teach her in the full scope of what she had to say, so we don't know precisely what was in the judge's mind, but the following hearing, if he had appeared again, perhaps he would have allowed her to testify. Does it matter? I mean, I can come back to it. Does it matter what was in the trial judge's mind? This case goes out to the court of appeal, and the court of appeal says he's raised the results of your prejudice with what was in front of the court of appeal, which is the affidavit of an analog taker and whatever, and the court of appeal says it's rebutted by the affidavit itself, or the declaration itself. If that's an unreasonable application of Supreme Court law, do we need to worry about whether the trial judge should have granted a continuance, didn't grant a continuance, and a misunderstanding of the law? Yes, because it's not possible to apply the precedents of this court and the Supreme Court for assessing prejudice of a third-party intrusion into the jury process without adequate information. And as a follow-up to Dr. Hurwitz's question, what we've talked about in terms of security is very important, but there's a previous statement put in my mind. Under Maddox, you've got this presumption, and the burden is on the government to rebut the presumption. It seems to me like it'd be evidence here that the trial court put the burden on your client. Is that correct? Yes, Your Honor, and as well as the court of appeal, as the dissent argues in this case, the court of appeal stated that it was applying a presumption of prejudice, but in fact did not absolutely do so because it held the defense to the burden of proving a substantial likelihood of prejudice. Is that alone enough to reverse this case, whether or not it gets to the issue of a hearing? Yes, it is, because under 2250.14.1, that is an unreasonable application of a very clearly established United States Supreme Court precedent. And so even if the analysis was wrong, this court should remand the case for an evidentiary hearing and do no full review under a correct standard. And so let me follow up with another earlier comment. Practically speaking, let's assume, arguing that there was a violation here, that the burden was improperly placed on the defense, so let me reverse that. Who's going to hold the hearing in the district court? Do we have a panelist or a kind of problem here where we have new facts being induced, not at the trial court level of the state, but rather for the federal court? Is that what we should be doing, or should it be sent back through to a retrial? What are we doing? We don't have a panelist or problem in this case because once this court makes a determination, there was an unreasonable application of a clearly established Supreme Court precedent, then the people's juror no longer applies and the district court can't take new evidence and should in this case. And in Durango, that's what the court did because in that case there were unanswered questions regarding the police officer would follow the juror. And in the same way, this court should remand this case to the district court for the same kind of additional fact-finding and also for a de novo application of the Supreme Court precedents and apply. How realistic is it that that hearing will be effective? Are these jurors still available? Juror PM, on the record, provided her contact information. I do not know because the records regarding other juror contact information are sealed under California law and so they would have to be motioned in the trial court for disclosure of those records so that those jurors could be contacted. Your view, I take it, is that if this further inquiry were held and the state came forth with nothing, then there is an issue. We do not know what the jurors would say. Okay, I'll answer your question. Let's assume that we send it back to the district court for an evidentiary hearing in the state's cases. I don't have anything. We don't want to present any evidence at all. I'm showing you based on far-reaching data. Yes, it is, Your Honor, and even as a majority opinion in this case stated that I write for those two, it's for a majority, and this wouldn't even be a tie because... Of course, the concept that discloses a problem with regard to that registration, that it's been registered, because if the problem was the government had done something and the government didn't, then the fact that even if there may have been a trial prepared, sort of irrelevant, of course, then it was the obligation of the government to put on the evidence, the obligation of the government to put on whatever evidence they wanted to put on, but it seemed like they might have put something on. I think, Your Honor, you answered that question. One reason for that procedural problem is that the trial court didn't apply the presumption of prejudice to the burden of government. So, at that point in the proceedings, there was that procedural argument and substantive law. Whatever it was, the intention of the hearing was kind of irrelevant. That is a... Because the trial court was operating with the mindset that it was H.R. to come forward and there was a trial. Correct, Your Honor, and it's our response that it is irrelevant. If that were the end of the inquiry, a ruling should have been issued in Mr. McGowan's favor because the court does have the option of remitting the case for an evidentiary hearing and because the Supreme Court precedents to require an adequate inquiry and is another way to resolve the constitutional question in this case, it is the way that the court handled the issue of the Torego. In a similar way, Torego, the prosecutor, could have put on additional evidence about whether or not the police officer was actually following the juror in all the surrounding circumstances, but they didn't, and in this case, we're in the same position. What is your best case for the idea that the government has to do more than argue about the evidence and the record in sustaining its burden? Your Honor, the dissent discusses the... I understand what the dissent pursued, but I didn't like it. And I understand that I've got the dissent right up here. And I understand that he's wonderful and that I like him, but I'm trying to get you to tell me what is the Supreme Court precedent that suggests to me that the prosecutor has to do any more than argue about the evidence presently in the records that they have to come forth with new testimony. What case? The Maddox case states that when... This is your best? Maddox is the... Maddox is the controlling authority on the issue of not only the fact that third-party communications invalidate, the verdict and the use of that word, invalidate is important here, and it does... It did foreshadow the grammar precision of prejudice and that decision. Well, I'm just pushing it a little bit because I know we got Durango. That's our law. That's not the Supreme Court's law. That's our interpretation of what it is. We're a law now. We're not settled to settle with it. What we're looking for is Supreme Court precedent that suggests that the prosecutor has to come forth with evidence more than merely argue that the evidence in front of the judge is not prejudicial. It is implicit in the Maddox and the Weber decisions that if there is evidence that is possibly prejudicial, then I would suggest that in looking at the evidence as a whole, what we have is possible prejudice than the Midwest. I mean, for instance, I'm having a tough time with that because if you'd have had a hearing, you'd have been able to have both of the testimonies may have inquired as two statements which are somewhat nervous. And I agree with you. They're somewhat nervous. When the jury was not sure what was going on or what perceivably would happen next and the California Court of Appeals went down the Raldoff procedure, I'm not sure that's all was said. I'm not sure that that was all was done. So when you get the jurors in there and you ask them the questions, what suggests that the government has to come forth with other evidence other than just taking these jurors and finding out really what they did and then making their case and the judge makes his decision. The statement that the verdict is invalidated absent the prosecutor taking action to overcome the presumption of prejudice is one puts the burden on the government. I understand the burden. I'm just saying, what is the government's burden? Is it really to put forth more evidence or is it enough to do  of what those jurors really meant? In that instance, if there was such an investigation, it would be incumbent on the government to provide that information to the trial court and to put that information on the record. Otherwise, there's no basis for evaluating the entirety of the facts and this court's precedents under breaks for determining whether there was prejudice in such circumstances. This would require an examination of all the surrounding circumstances, including when was the information received and whether or not it was received before the first of the year. Here we have essentially a worst-case scenario because we have a juror who's in contact with a government official, a judge, is preferring not only the beginning of trial during jury selection, but according to Juror NL, it's continuous, maintaining continuous communication with someone who's providing legal advice to this jury throughout the trial. A worst-case scenario under the factors that this court is applying to determine prejudice under break. So here, it's just an alternate way because if the declaration creates the presumption of prejudice, the government can't just come in and argue different inferences from that because once the presumption is created by that piece of evidence, then the government has to come back And as Judith Smith says, they could have contacted the juror or asked the court to and find out what she was actually saying or talked to the jurist as to whether anything was said during the trial or in the deliberations that reflected any of that, but the government didn't do that. That's correct, Your Honor. It wasn't the verdict. It wasn't anyone in the government. It was the totality of the circumstances to show a possibility of prejudice, which is what shifted the verdict here. The government was required to present any contrary evidence and otherwise, as you can see, the verdict is invalid. I will now turn to research by the Attorney General. Good morning. May it please the Court, I'm Supervising Deputy Attorney General Bill Deltremere on behalf of the respondent. There's three principal points I'd like to emphasize to the Court this morning. First, Mr. Kikoi had a full and fair hearing in State Court under Kikoi U.S. Supreme Court Authority. Second, the California Court of Appeal recently adjudicated the claim that I'm unable to speak with some specificity about which order will occur and why. Why is it wrong to get both? Well, there are both. We should have both. Right, well, of course, we can only examine a single order for its constitutionality. So, if we're going to examine... And a single order, but the whole record, there's a difference? Well, there certainly is a record. Either he's repeating a Congress order or reviewing. The records are different. If you're... Well, that's the point. Look at it that way. The other way, look at it this way. And the reason you want a first reason being called up with the whole record because the California Courts of Appeals consider the whole record at different times. The whole record, why? Why should we shut our eyes to the fact that they have the record? And you do not shut your eyes to anything that was in front of the California Court of Appeal, but if the court is disposed to examine the matters that were only ever presented in the context of the state agency petition, those, of course, bring out something to record on it. Well, for example, we have a rule, as far as I understand it, that we look at the entire record, even if the California Courts of Appeals didn't have the entire record, in the case, we had to respond at a different time. Yes, right. Yes. So why isn't that the situation? Well, because, again, there's two different questions, and the question is answered depending upon which quarter of the court is determining that it was just a review and it would be inappropriate to say that the California Court of Appeals decision on the direct appeal was unreasonable based upon matters that were never before, that were not part of the entire record. Well, we essentially do that when we say we're going to look at the California Courts of Appeals decision of the entire record that was put forth, the trial court, even if the California Court of Appeals didn't have it, probably didn't consider it. That's our rule, right? Well, yes, but you can't say that there's something that wasn't even part of the record on appeal somehow invalidates the decision on appeal. I don't know if it makes a difference. I don't know if it makes sense if we're talking about the E.M. advocate, and I don't know if there's a difference or things, but... I don't think it makes a difference. It looks like it does. I want to see if we start off on the same wavelength here. The California Court of Appeal found that any health declaration gave rise to a presumption of prejudice, correct? Correct. We treat that finding with epidephrins. We treat that finding with epidephrins, yes. So we start... So I start out with the notion that a presumption of prejudice was created. In rebuttance, yes. Well, that's... That's... I don't know where to go to the rebuttance. I may start out with epidephrins towards that finding, but tell me, what Supreme Court case holds that once a presumption of prejudice is raised, it can be rebutted by the very thing that raised it? I can't find anything that suggests that. Well, I... In other words, I can see the California Court of Appeal said, this ain't enough. This doesn't raise a presumption of prejudice. We have to take a close look at that. But they found that it did, and I was searching in vain for any case anywhere that's ever held that the very thing that raised the presumption itself rebutts it. I understand the Supreme Court's point, and I think the best answer is because that declaration said more than one thing. It's what's falsified. It was four weeks in. He engages in a prejudice analysis, which examines the entire record. And not merely those matters that they see raising presumption of prejudice, but maybe a presumption of prejudice that's raised by something that happened, but an examination of the record that says that there was something else in this record. And the California Court of Appeals said, well, we have an analysis affidavit, but I also have seven affidavits with their people who say it didn't make a darn bit of difference to them. That's not what we have here. All we have for purposes of the Court of Appeals analysis is an analysis affidavit or declaration called affidavits in Arizona. And the Court of Appeals correctly, I think, concludes that it gives rise to presumption of prejudice. Once they make that determination, isn't that a burden on the state to come forth with something? Now, there's no burden of reduction and the burden is to rebut the presumption of prejudice and if the presumption of prejudice can be rebutted. Am I looking at the entire record that was before the trial? Oh, you're not. Tell me what record was before the trial that the Court didn't allow to rebut. Well, that's the balance of the declaration in this instance. And I think we won't blind ourselves to the balance of it. To your self point where it does not give rise to a presumption and it self rebut the presumption. I don't find anything good to do in any context. Well, again, the context is that we look at the entire record and if, for example, we have a declaration that says more than one thing, you can't qualify as a presumption. I'm sorry, let me just finish. The only record here is the declaration. On the question, your position is that that record, the declaration itself gives rise to a presumption of prejudice. And then if it goes away, if you read the rest of the  record, you can't  a presumption of prejudice. And then if you read the   you can't qualify as a presumption of prejudice. And then if you read the rest of the record, you can't automatically say, oh, I'm going to look at the affidavit myself as a trial judge and say, don't need a hearing. You can't say on a court of appeals, you can't apply the wrong standards and say, well, there wasn't enough prejudice here. When Rimmer doesn't talk about how much prejudice Rimmer says, if there's anything, any communication is presumptively prejudicial, now you're going to have a hearing. Where do I get this? That's why I wanted to ask you that same question. Where do the state argue? There's a couple of points and then I need to unpack from the court's question. One is, there absolutely was a hearing of state court. It was not an evidentiary hearing, but there was a hearing of state court, and it was a hearing of fully compliant Rimmer. The state did not argue anything about why the affidavit was not prejudicial. He said, I want more time to discover. I got the hearing the last hearing on June 29th and said nothing, except there was a judge that said, we're not having a hearing because I'm not giving you time to discover. The court did examine the district attorney's findings that were filed in the trial court, in which the district attorney argued that the nature of the allegorizing and the judge could merely take the supplement of the prosecutor and make this determination. Part of the problem with what we're dealing with here is we restricted the focus of the courts last year from the order that we are reviewing, which is the order of the California Court of Appeal, to an antecedent order of the trial court. I think that the   restricted this antecedent was because of defense counsel's repeated unwillingness to participate in a reasonably proper manner in the trial motion context. The California has a pretty well settled process for raising the trial motion if he was directed to do so. The trial court has pulled that to defense counsel better during the time. Well, I mean, I would encourage the court to take leave of the California Court of Appeal and to take a look at that process and say that I don't think that you that we're going to get to whatever the California Court of Appeals said about what's wrong with the NL declaration and I might have mentioned it earlier, but I don't  that the   is going to be the right thing to do. I don't think that the NL declaration is going to be is going to  the right       the  thing to do. I  don't  that the NL  is going to  to be  right thing to do.  don't going to be the  thing to do. U.S. Declaration to be the right thing to do. I don't think that the  Declaration   right     think that the U.S. Declaration to be right thing to do. I don't think that the U.S. Declaration will put an end to this thing.  's an insecure defense argument. And that is not what they want. What about states in particular that have made a determination as a matter of federal law that this declaration gave rise to presumption of prejudice. And that's what I'm convinced. What follows from that in your view is that breaking deference is not an unreasonable thing. I think that that is correct. Yes. Yes. Okay. So if you're at your first two points, what's the third? Well, I think I can get into my third point, which is that the way that the state court resolved this matter did not  with clearly established U.S. ... I should just be very clear. Assume that the majority of the outlaw decided that what the court appeals to did was contrary to the established law. If I have to do that, I mean, does a good district court for a hearing career know how as a practical parent it could possibly be a hearing? Does it go back to the state courts? Well, the Supreme Court jurisprudence on fiddle may be primary responsibility for resolution of claims on the state court in the first instance. Assume states that a hearing is required, a more thorough hearing, I would ask that an alternative hearing be held for the state court to either retry him or grace him the hearing that the court thinks is necessary within the customary amount of time that's afforded to them. Do you think that the Supreme Court in the United States versus the U.S. Supreme Court placed the burden of proof on the question of prejudice in a case of jurisprudence squarely on the defendant? And is that on the defendant? And so that in the very least raises some confusion on the question of whether or not the presumption of prejudice puts some burden on the constitutional return. And that's indeed that, as I noted, especially terrain goes much broader than the petition. We have no reason to reach    in the air we have communication about the case. So I don't think that the Supreme Court in the United States should  concerned         think that the Supreme Court should be concerned about the presumption of prejudice. I don't           of prejudice. I don't think that
judges: Thomas, Wardlaw, Fisher, Gould, Berzon, Rawlinson, M. Smith, N.R. Smith, Watford, Hurwitz, Friedland